UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

YASH PATEL,

Petitioner,

v.

MARKWAYNE MULLIN, et al,

Respondents.

Case No. 5:26-cv-06721-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.

## PROCEEDINGS

On November 10, 2026, petitioner Yash Patel (“Petitioner”), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (“Petition”) (Docket No. 1), accompanied by supporting exhibits (Docket Nos. 1-1 and 1-2). The Petition alleges the sole claim that Petitioner’s detention violates his right to due process in violation of the Fifth Amendment. (Docket No. 1 at 17-19).[1]

/ / /

/ / /

[1] Citation to the pleadings shall refer to the Court’s CM/ECF pagination at the top of each page.

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 5), Respondents were to enter their appearance no later than November 13, 2026, and were to file an Answer to the Petition on or before November 17, 2026. However, Respondents failed to appear and have not filed an Answer or otherwise responded to the Petition.

On November 18, 2026, Petitioner filed his Reply (Docket No. 7), and a Notice of Respondents' Non-Compliance with Court Ordered Briefing Deadline (Docket No. 8).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## RELEVANT BACKGROUND[2]

Petitioner is a native and citizen of India who fled that country and entered the United States on approximately February 25, 2025. (Petition at ¶ 19). Petitioner timely filed an I-589 application for asylum and withholding of removal on approximately April 16, 2025 with U.S. Citizenship and Immigration Services ("USCIS") while in Department of Homeland Security ("DHS")/Immigration and Customs Enforcement ("ICE") custody. (Id. at ¶ 20). Petitioner completed a credible fear interview with USCIS on approximately September 22, 2025, and received a positive credible fear determination from USCIS on approximately September 29, 2025, while in DHS/ICE custody. (Id. at ¶ 21). Petitioner was thereafter issued a Notice to Appear ("NTA") dated October 9, 2025. (Id.).

/ / /

/ / /

/ / /

[2] The Background is taken from the Petition.

Petitioner had a bond hearing at the Imperial Immigration Court in Calexico, California on approximately March 2, 2026 and was granted a $5000.00 bond by the Immigration Judge ("IJ"). (Id. at ¶ 22). After being released on bond, Petitioner relocated to the greater Los Angeles area. (Id. ).

On or about October 1, 2026, the IJ issued Petitioner a Removal Order in-absentia. (Id. at ¶ 23). On or about October 13, 2026, Petitioner timely filed a motion to reopen and rescind in-absentia order with the West Los Angeles Immigration Court in Los Angeles, California. (Id. at ¶ 24). On or about October 14, 2026, the IJ granted Petitioner's motion to reopen and rescind in-absentia order. (Id. at ¶ 25). On or about October 14, 2026, Petitioner was also issued a hearing notice for a master hearing on January 20, 2027 at 8:00 a.m. at the West Los Angeles Immigration Court in Los Angeles, California. (Id.).

According to Petitioner, on or about October 13, 2026, DHS re-arrested Petitioner at an ICE check-in in Los Angeles, California. (Id. at ¶ 26). Petitioner alleges to have no criminal history. (Id.). Following his re-arrest, Petitioner was transferred to Desert View Facility in Adelanto, California, where he currently remains according to the Petitioner. (Id.).

Prior to Petitioner's re-arrest, he did not receive written notice of the reason for his re-detention, ICE did not assess whether he presented a flight risk or danger to the community, or whether his re-arrest was justified for some other reason, nor was he afforded a hearing before a neutral decisionmaker to determine if his re-detention was justified. (Id. at ¶¶ 27-29).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody

upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

/ / /

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

/ / /

/ / /

/ / /

/ / /

**IV.**

**DISCUSSION**

**A. Habeas Relief is Warranted.**

As noted, Respondents have elected not to appear in this action, despite the Court's order to do so.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375–76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court has reminded the lower courts that they are "essentially passive instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Petitioner raises, inter alia, a claim that his detention without any pre-deprivation process violated his procedural due process rights under the Fifth Amendment and that the proper remedy is his release from custody. (Docket No. 1 at 17-19). This claim has been found to be a basis for habeas relief by numerous courts in this Circuit, including this one. See, e.g., Eddier David Taborda Loero v. James Janecka, et al, No. 5:26-cv-03713-DTB (Order Granting Petition for Writ of Habeas Corpus) ( (C.D. Cal. July 15, 2026).

Respondents elected not respond to the Petition and to Petitioner's procedural due process claim. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject his claim. Their failure to do so constitutes a forfeiture

of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf - indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted by Respondents. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought. See, e.g., Barajas-Bautista v. Warden, Desert View Annex, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument

raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner to be released.

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that Judgment be entered: (a) Granting the Petition; (b) ordering Respondents to immediately release Petitioner Yash Patel (A221-418-073) from custody subject to the same conditions (if any) that he was subject to at the time he was arrested and detained; (c) ordering Respondents to return all property and documents confiscated from Petitioner (if any) during his arrest and processing into detention; (d) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without complying with all applicable statutes and regulations, including written notice and a pre-deprivation hearing before a neutral arbiter; and (e) ordering Respondents to file a status report within two (2) business days of the date of this Order to confirm that Petitioner's release from custody is subject to the same conditions (if any) that he was subject to at the time he was arrested and detained.

DATED: November 19, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE